IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

JAVIER L. OLIVA, #1409172                    §

VS.                                          §              CIVIL ACTION NO. 6:12cv361

WARDEN J. RUPERT, ET AL.                     §

MEMORANDUM OPINION AND ORDER

Plaintiff Javier L. Oliva, an inmate confined at the Coffield Unit of the Texas prison system,

proceeding *pro se* and seeking to proceed *in forma pauperis*, filed the above-styled and numbered

civil rights lawsuit pursuant to 42 U.S.C. § 1983. On August 27, 2012, the Court dismissed the

lawsuit with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) on the grounds that it is a duplicate of

another lawsuit this Plaintiff has filed in this Court, then pending before the same assigned

Magistrate Judge but before a different presiding District Judge. *See Oliva v. Rupert, et al.*, No.

6:12cv349. The Court takes judicial notice of that lawsuit pursuant to Fed. R. Evid 201(b) & (c).

Plaintiff has now filed a "Motion to Object to the Recommendation and Report" (docket

entry #16), in which he asks the Court to "reconsider" its dismissal of his lawsuit. Therefore, the

Court construes the motion as a Motion for Reconsideration. He concurrently filed a new Motion

to Proceed *In Forma Pauperis* (docket entry #17).

A motion for reconsideration may be made under either Federal Rule of Civil Procedure

59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion

"'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478

1

(5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule

59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that

could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United

States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of

allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"

*Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule

59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller

v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or

reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367

F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La. 2000)).

If a motion for reconsideration is filed within 28 days of the judgment or order of which the

party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b)

motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL

798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in

*Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took

effect on December 1 2009).[1] In this case, Plaintiff's motion for reconsideration was filed within

28 days after the Order of Dismissal and Final Judgment; therefore, the Court will construe the

motion as one under Rule 59(e).

That groundwork having been laid, it appears that Plaintiff filed his motion for

---

[1]     Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

reconsideration and motion to proceed *in forma pauperis* in both this case and in the case he filed

under case number 6:12cv349. The motions in this case carry both case numbers; the same motions

in case number 6:12cv349 carry only that case number.

In the instant case, this Court dismissed this lawsuit because it duplicated the other case

already on file. There is nothing in the motions now pending that argue that this case was improperly

dismissed. Indeed, it was not. Filing identical, duplicated lawsuits is grounds for dismissal as

malicious. *See Pittman v. Moore*, 980 F2d 994-994-95 (5th Cir. 1993) (citing *Wilson v. Lynaugh*,

878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S. Ct. 417, 107 L. Ed. 2d 382 (1989));

*Offord v. Parker*, 456 Fed. Appx. 472, 475 (5th Cir 2012) (per curiam); *Wendt v. Rainey*, 98 Fed.

Appx. 303, 304 (5th Cir.) (per curiam), *cert. denied*, 543 U.S. 966, 125 S. Ct. 426, 160 L. Ed. 2d 336

(2004).

Furthermore, it appears that the District Judge presiding over case number 6:12cv349 actually

dismissed that case without prejudice for Plaintiff's failure to obey an order and for want of

prosecution because Plaintiff failed to submit a certified *in forma pauperis* data sheet along with his

motion to proceed *in forma pauperis*. That District Judge has reinstated that lawsuit in response to

Plaintiff's identical motions there.

That situation does not pertain here. Although Plaintiff's motion to proceed *in forma*

*pauperis* in this case was deficient for the same reason, the Court dismissed the case for the reason

stated above, namely, because it was duplicative. Furthermore, the lawsuit here was dismissed with

prejudice. Thus, while it remains unclear why Plaintiff again duplicated his filings here, the Court

is satisfied that there is no basis in argument or in actuality to grant "reconsideration" of the

dismissal. It is therefore

**ORDERED** that Plaintiff's "Motion to Object to the Recommendation and Report" (docket entry #16), construed as a Motion for Reconsideration, and his Motion to Proceed *In Forma Pauperis* (docket entry #17), are both **DENIED**.

    **It is SO ORDERED.**

    **SIGNED this 28th day of September, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE